Good morning, Your Honors, and may it please the Court, Hasan Ahmed for Mr. Sean Moore, I'd like to reserve three minutes. Arizona correctional officers repeatedly denied Mr. Moore food, water, recreation, showers, and programming. They tossed his cell, they seized his property, and they refused his grievances. Several times they told him exactly why they were doing it, because of his protected activities. That is a classic pattern of retaliation. In dismissing his claims, the district court failed to construe Mr. Moore's retaliation claim liberally and ignored controlling precedent, a subset of his allegations. So just so that I squared away with you, it's my understanding you're not contesting the district court's summary judgment order. Is that correct? That's correct, Your Honor. So it's basically the screening order that we're talking about?  Okay, thank you. And the screening order involves different defendants than the summary judgment order? There are some overlapping defendants, Your Honor, but in large part the screening order dismissed several more defendants than made it through to the summary judgment order. Because the district court screening order dismissed, I think, 73 alleged defendants, some named and some unnamed. And so how many defendants are you asking to have reinstated in this case? We're asking for reversal as to 33 of the defendants, and that's as to 16 claims of retaliation that we've laid out in the first part of our brief. And so you're not asking for all of them? In terms of reversal, Your Honor, no, we are not asking that the rest of them be reversed, but we have asked the court to vacate as to the rest of Mr. Moore's complaint so that he has the opportunity to amend on remand. So I guess I haven't lined up all the defendants with all the allegations exactly to be able to figure this out, but your brief seems to focus on the allegations where something retaliatory was said at the same time as the action, something about his complaints at the same time that they were doing whatever thing to him. There were other allegations where you'd have to draw an inference of retaliation because it wasn't as expressed. Are you appealing all of those? Are you asking us to reverse all the allegations in the complaint and say they're all retaliatory or only the ones in your brief? The allegations that we laid out in part one of our brief are the ones that we're asking that the court reverse because those ones were the clearest in terms of all five elements of retaliation were met, but the district court still dismissed them. As to the rest of Mr. Moore's complaint where, you know, one element was one or more elements were less clear than the others, we're asking that the court vacate under Lopez to allow him the opportunity to amend on remand so that he can substantiate those claims to the same extent that he has substantiated the claims in part one of the brief. What is your understanding of the district court's order? I mean, on what basis did she dismiss the retaliatory claims in which it was alleged that retaliatory things were said in connection with certain actions? The district court's order was at times unclear, Your Honor, but oftentimes the district court stated that Mr. Moore had failed to state a claim or failed to state a retaliatory motive. It didn't actually say why. It did not oftentimes know. Turning to the reasons for reversal, firstly, this court has continued to emphasize that after the PLRA was enacted and after Twombly and Iqbal that the pro se prisoner plaintiffs were raising civil rights claims have a low plausibility threshold. This court imposes a liberal construction requirement, and as to Mr. Moore's— In general, but also as to the screening stage. So what is your understanding of what happens next? I mean, if we reinstate these orders and say that they meet the screening language, which is the same as 12b-6 and the — has been construed to be the same as 12b-6, then do the defendants get to file a motion to dismiss again? I mean, not again. They haven't had a chance to file a first one. So the ones who are reinstated, do they get a chance to file a motion to dismiss ab initio, or are they now bound by the conclusion that they have stated a claim? Our position, Your Honor, is that the 16 claims against the 33 defendants should survive both screening and a motion to dismiss. So if the court reverses, those claims would proceed past, and the defendants would have an opportunity at summary judgment. Isn't that a strange system, where the defendants don't get to file a motion to dismiss themselves and argue it? This Court in the past has reversed claims outright that have been dismissed. I know we have. It's just — it seems peculiar. The defendants presumably could have — in some cases, they file amicus briefs or somehow appear at this stage. They haven't appeared at all, either in the district court or here. That's correct, Your Honor. That is how the screening statute is stated in the same terms as Rule 12b-6. The standard is largely the same. The district court is applying the same liberal construction that it would in a motion to dismiss scenario as it would under screening. But with only one side briefing. That's correct. So you're not going to represent him in the district court if you prevail and go back, right? It's just for this? We've been appointed for this appeal, and our engagement with Mr. Moore continues through the conclusion of this appeal. We are not, at this time, representing him in the district court. Well, it's not necessarily in legal defense, but, you know, your client basically threw everything in the kitchen sink against the wall, and it was pretty undiscernable, so it made it pretty difficult. But it is a fairly low bar in terms of the screening. So I guess I'm a little bit sort of going on with what Judge Berzon is saying. If you get the chance to go back, why doesn't he just have to do a little better job here? Well, Your Honor, we would ask that the court allow him the opportunity to substantiate any of the allegations that are not convincing to the court as having met the elements of retaliation. But Mr. Moore has in the past filed civil rights lawsuits. He has proceeded past screening. Well, I know he won one, and then he actually won one. Yes. And then he got the amount reduced, but he actually won some money. He did. But not to be deterred, he went on. He did, in fact, Your Honor. And in that case, he represented himself at summary judgment and took the case to trial, at which point the district court had appointed counsel. Do either of my colleagues want to ask questions now, or shall we have him reserve? You can reserve the balance. Thank you.  Good morning. May it please the court, my name is Daniel P. Schack. I'm an assistant attorney general for the state of Arizona, and I'm here on behalf of the defendants' appellees who won the summary judgment, correctional officers Jorge Rivera, Joshua Nielsen, and Carlos Barrasa. As my friend noted, and as the panel has discussed, Moore is not challenging the summary judgment granted in favor of these defendants' appellees, so we don't have any. Well, you're saying you don't have a dog or a horse in the race or whatever. But that being said, we were just discussing that it's sort of, if we agree with the appellant that it was screened out improperly and send it back, you're going to be right back where you were. So, I mean, wouldn't you be back in the case then? We would be almost assuredly representing the corrections officers who have been sued, whom you've reversed the judgment as to. So, yes, we would be in the case as to that. But as has been noted, we were not parties to the screening order, so we believe that that's between Mr. Moore and the court, the district court and this court. But you said in your brief that you're not even necessarily representing the people who weren't in the summary judgment. That is absolutely correct, Your Honor. We do not represent them. We cannot make arguments on their behalf in this court. But in the district court, being the attorney general, you presumably will represent them. It's almost 100 percent sure that we will be representing them, depending on. . . But these are individual claims against them. Presumably they could engage you or they could engage somebody else, theoretically. They possibly could. It has been our practice, and I'm not aware of any of the corrections officers who have turned down our representation. So then what's your understanding of what happens next? Presumably then you will be back. . . They'll be back in the case, and you will be representing them. But as a functional matter, you may be able to file a motion to dismiss on some affirmative defense, but not really on whether they stated a claim. I don't practice in the district court. I can only report what my colleagues in the office who do. And I have been informed, if my memory serves me correct, that in instances where the district court has dismissed under the PLRA screening order, our judges here disfavor motions to dismiss. In fact, I think they have prohibited them. They have basically said that their screening order stands and that if we wish to contest it, we have to file a motion for reconsideration. So there's a possibility that we could argue 12B-6. And presumably you could raise affirmative defense. Oh, yes. I totally agree. Well, but you're here just basically saying they didn't appeal the summary judgments as to the people that you represent. So then they can't be brought back in on the charges for summary judgment.  They have conceded the judgment. But that summary judgment wouldn't necessarily be the law of the case to other people, right? Absolutely not. Because there could be factual differences. There may or may not be. I don't know. That would have to be up to the district court. Yes, we won on failure to exhaust mostly and a statute of limitations as to the three officers that I mentioned. As to all the other allegations, those are at the pleading stage at this moment and would have to be litigated if you were to send it back. All right. Did anyone have any additional questions? All right. Thank you, Your Honors. All right. Thank you.  So I guess if you lose, you don't even have anyone that's arguing to us that you should lose. So that might be a good position as a lawyer. It's definitely a great position to be in. I will point out to the court that two of the officers that were defendants for the summary judgment order are also defendants as to the screening order, and that's paragraphs 32 and 59 of Mr. Moore's complaint. Those are claims for retaliation where he was denied recreation and showers, and those are Officers Nielsen and Rivera. Those are represented by the Attorney General's Office in this case, both here and in the district court. If the court has no further questions. I don't think we appear to. Thank you both for your argument and non-argument. How's that? Thank you. All right. And we appreciate both of you being here, and we appreciate the pro bono work for the court. Thank you.
judges: BERZON, CALLAHAN, FRIEDLAND